(October 19, 1926.)

## J. W. WHEELER, Warden of the Idaho State Penitentiary, Plaintiff, v. E. G. GALLET, State Auditor, Defendant.

[249 Pac. 1067.]

CONSTITUTIONAL LAW—STATUTES—POWER OF GOVERNOR TO CHANGE ITEM OF APPROPRIATION BILL.

1. Under Const., art. 4, sec. 11, Governor had no authority to reduce item of appropriation for penitentiary.

2. Under Const., art. 4, sec. 11, Governor has no right to change an item of appropriation, but must either approve or reject *in toto* each individual and distinct item as set forth.

3. Under Const., art 4, sec. 10, appropriation bill which Governor attempted to reduce and filed with Secretary of State within ten days after adjournment of legislature became law, and under art. 4, sec. 11, original appropriation stands.

Original application for Writ of Mandate. *Writ granted.*

A. H. Conner, Attorney General, for Plaintiff.

The veto is the exercise of legislative power by an executive officer. The right to do so is a grant of power to the executive in derogation of the plan of state government and can be exercised only as expressly directed or permitted by the constitution, and, therefore, must be strictly construed. (Const., art. 2, sec. 1; art. 3, sec. 1; art. 4, secs. 10 and 11; *Mills v. Porter,* 69 Mont. 325, 222 Pac. 428, 35 A. L. R. 592; *Fergus v. Russell,* 270 Ill. 304, Ann. Cas. 1916B, 1120, 110 N. E. 130; *Stong v. People,* 74 Colo. 283, 220 Pac. 999; *Lukens v. Nye,* 153 Cal. 498, 20 Ann. Cas. 158, 105 Pac. 593; *Fairfield v. Foster,* 25 Ariz. 146, 214 Pac. 319;

Publisher's Note.

2. Disapproval by Governor of a bill in part or with modifications, see note in 36 A. L. R. 600. See, also, 25 R. C. L. 891.

See Item, 33 C. J., p. 830, n. 63.
Statutes, 36 Cyc., p. 962, n. 54; p. 963, n. 55.

*Fulmore v. Lane,* 104 Tex. 499, 140 S. W. 405; *May v. Topping,* 65 W. Va. 656, 64 S. E. 848; *Carter v. Rathburn,* 85 Okl. 251, 209 Pac. 944; *Peebly v. Childers,* 95 Okl. 40, 217 Pac. 1049.)

The bill in question is one making an appropriation of money embracing distinct items, and the veto power must be exercised under sec. 11, art. 4 of the constitution. If it is not a bill making an appropriation of money embracing distinct items, then the veto power must be exercised under sec. 10, art. 4, in which event a partial veto of an item would be just as ineffectual as under sec. 11. (*Mills v. Porter, supra; Regents v. Trapp,* 28 Okl. 83, 113 Pac. 910; *Fergus v. Russell, supra.*)

The power of the Governor to disapprove of an item or items in a bill making appropriations of money embracing distinct items must be exercised against the item or items vetoed *in toto.* He has not the power to disapprove only a portion of an item. (Const., art. 4, sec. 11; *Mills v. Porter, supra; Fergus v. Russell, supra; Stong v. People, supra; Fairfield v. People, supra; Fulmore v. Lane, supra; Peebly v. Childers, supra;* dissenting opinion, *Commonwealth v. Barnett,* 199 Pa. 161, 48 Atl. 976, 55 L. R. A. 882.)

By the words "objection" and "disapproval," as used in secs. 10 and 11, art. 4 of the constitution, is meant an objection or disapproval which is legal and expressed in the manner provided by law. (*State v. Forsyth,* 21 Wyo. 359, 133 Pac. 521.)

The act of the Governor in attempting to scale down a single item is a nullity. The Governor having failed to exercise the veto power as to this item of appropriation in the manner provided by the constitution, and having failed to file any objections to the bill as a whole with the Secretary of State, the bill became a law by virtue of sec. 10, art. 4 of the constitution. (*Mills v. Porter, supra; Fergus v. Russell, supra; State v. Forsyth, supra; Porter v. Hughes,* 4 Ariz. 1, 32 Pac. 165; *State v. Holder,* 76 Miss. 158, 23 So. 643.)

It is only where a constitutional provision is ambiguous or of doubtful meaning that the court will look beyond the language of the provision itself to discover its meaning. (Cooley, Const. Limitations, 7th ed., p. 105; *Powell v. Spackman,* 7 Ida. 692, 65 Pac. 503, 54 L. R. A. 378; *Neil v. Public Utilities Com.,* 32 Ida. 44, 178 Pac. 271.)

Hawley & Hawley, for Defendant.

The Governor of this state has the right to veto a part of an item in an appropriation bill passed by the legislative assembly. (Const., art. 4, secs. 10 and 11; U. S. Const., art. 1, sec. 7; *Commonwealth v. Barnett,* 199 Pa. 161, 48 Atl. 976, 55 L. R. A. 882; Black's Constitutional Law, sec. 67; Hare, American Const. Law, 212; Mason on Veto Power, sec. 100; Cooley's Constitutional Limitations, 84; *Peebly v. Childers,* 95 Okl. 40, 217 Pac. 1049; *Stong v. People,* 74 Colo. 283, 220 Pac. 999.)

GIVENS, J.—The 18th session of the legislature, by H. B. 308, appropriated $101,250 for expenses of the penitentiary other than salaries and wages. The Governor sought to scale this down to $80,700, thereby reducing this item of the appropriation bill by $20,550. The state auditor credited the appropriation account with the reduced amount. The plaintiff, warden of the penitentiary, presented a bill for $61.61 chargeable against the appropriation in question. The auditor refused to file this bill or present it to the board of examiners, on the ground that the appropriation was exhausted. The plaintiff filed a petition for a writ of mandate against the auditor to compel him to accept the bill for filing and audit, and present it to the board of examiners for their audit and consideration. An alternative writ was issued. The defendant demurs.

The question is the proper construction to be placed upon section 11, art. 4 of the constitution as applied to the Governor's right of veto exercised on an appropriation bill.

The material part of the section under consideration reads as follows:

"The governor shall have power to disapprove of any item or items of any bill making appropriations of money embracing distinct items, and the part or parts approved shall become a law and the item or items disapproved shall be void unless enacted in the manner following":

"Item" is defined by Webster's Dictionary as:

"An article; a separate particular in an enumeration, account, or total; a detail; as, the items in a bill."

Standard Dictionary defines it as:

"A separate article or entry in an account or schedule; a sum entered."

A New English Dictionary, edited by James A. H. Murray, L. L. D. defines it as:

"An article or unit of any kind included in an enumeration, computation, or sum total; an entry or thing entered in an account or register, a clause of a document, a detail of expenditure or income, etc."

[1] The difference between the amount approved by the legislature, namely, $101,250, and the amount authorized by the Governor, namely, $80,700, did not consist of any item or items as set forth in H. B. 308. The Governor sought merely to diminish the amount of the sum approved for the expenses of the penitentiary, other than salaries and wages, by deducting therefrom $20,550. Section 13 of art. 7 of the constitution of Montana is almost identical with the section of our constitution under consideration, the material portion thereof reading as follows:

"The Governor shall have the power to disapprove of any item or items of any bill making appropriations of money, embracing distinct items, and the part or parts approved shall become a law, and the item or items disapproved shall be void, unless enacted in the manner following":

[2] The supreme court of Montana in *Mills v. Porter,* 69 Mont. 325, 222 Pac. 428, 25 A. L. R. 592, having under consideration the identical action with respect to an appropriation bill held that the Governor did not have the right to change an item, but that under this provision of the constitution he was required either to approve or reject *in*

*toto* each individual separate and distinct item as set forth in the bill. The reasoning of that case is applicable and in point herein. A like situation was considered in Oklahoma under a constitutional provision similar to ours and the court there concluded as follows:

"It seems quite clear to us . . . . that a fair interpretation of our constitutional provision requires us to hold that the action of the Governor in attempting to approve in part and disapprove in part distinct items of the institutional appropriation bill was an unauthorized and futile gesture and wholly ineffectual for any purpose." (*Peebly v. Childers,* 95 Okl. 40, 217 Pac. 1049.)

This conclusion is likewise supported in principle by *Stong v. People,* 74 Colo. 283, 220 Pac. 999. There was no item of $20,550. The Governor therefore did not veto any item but he attempted to veto a part of an item; this the constitution does not say he may do.

The remaining question is the effect of the Governor's action upon the item he attempted to cut down. Section 10 of art. 4 of the constitution provides, so far as material, as follows:

" . . . . Any bill which shall not be returned by the governor to the legislature within five days (Sundays excepted) after it shall have been presented to him, shall become a law in like manner as if he had signed it, unless the legislature shall by adjournment, prevent its return, in which case it shall be filed, with his objections, in the office of the secretary of state within 10 days after such adjournment (Sundays excepted) or become a law."

[3] It is apparent that by the terms of this section, in the absence of a valid veto, the act or bill as passed by the legislature, becomes a law. The bill in question was filed by the Governor with the Secretary of State within ten days after the legislature had adjourned. His objections thereto by reason of the conclusion reached above did not amount to a veto; his act was a nullity, under section 11, art. 4, of the constitution; therefore, the bill became a law and the appropriation as originally made by the legislature in the sum of

$101,250 stands.    (*State v. Forsyth,* 21 Wyo. 359, 133 Pac. 521, at 529.)

The demurrer is therefore overruled and a permanent writ of mandate will issue, ordering the auditor to recognize the appropriation in the sum of $101,250.

Wm. E. Lee, C. J., and Budge and Taylor, JJ., concur.